FORTINO GUERRERO
MARIA GUERRERO
22378 Princeton Street
Hayward, CA 94541
(510) 886-2711
Attorney for Plaintiff,
**Pro Se**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINO AND MARIA GUERRERO, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A; WELLS FARGO HOME MORTGAGE ; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-G; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES. ; and DOES 1-50, Inclusive <br><br> Defendants. | **Chapter 13 Case No.:** 10-49541 LT 13 <br><br> **Adversary No.:** _____ <br><br> **ADVERSARY COMPLAINT FOR DAMAGES FOR, VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5; FRAUD; INTENTIONAL MISREPRESENTATION, VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6, VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1572, VIOLATION OF BUSINESS AND PROFESIONS CODE §17200** |

Plaintiff, FORTINO AND MARIA GUERRERO (hereinafter "Plaintiff") alleges herein as follows:

## PRELIMINARY STATEMENT

1.   On October 1,2010, Plaintiff Fortino and Maria Guerrero (hereinafter referred to as "Plaintiff") filed a

voluntary petition in Bankruptcy and on that date was entitled to relief under Chapter 13 of the Bankruptcy Code.

2.   This adversary proceeding is commenced under the Federal Rule of Bankruptcy Procedure.

3.   Defendants asserts claims against the estate which Plaintiff disputes and therefore Files this complaint.

4.   Plaintiff also asserts claims against the defendants and therefore files this complaint.

5.   As part of the economic decline, homeowners, with frequency, have become delinquent on their mortgage payments. This instant case arises when the Plaintiffs, homeowners, too, became late on their mortgage payments for their home located at 22378 Princeton Street, Hayward, California 94541.

6.   Plaintiffs attempted Loan Modifications for their loan on several as they were in In financial hardships because of the depressed economy an adjustments in their loan.

7.   After working with the lender, who the debtor believed to be Wells Fargo Bank, N.A For several months, Plaintiffs discovered that their work was futile in that the lender's agents/employees would constantly require documentation that had already been provided, and the delays put Plaintiff in a position whereby the alleged Judicial Foreclosure Sale was eminent. Plaintiff has no formal evidence that her mortgage was sold or transferred to any other companies. Defendant U. S. Bank National Association, as Trustee for Mortgage Pass-Through Certificates, Series 2006-G ("U.S. BANK") has taken the position that it owns the mortgage, or

otherwise has servicing rights through Wells Fargo Home Mortgage, and has instituted a foreclosure action against the property.

8. Further, Defendants failed to meet the proper statutory requirements under the California

9. Civil Code Sections 2923.5 and to foreclose on a deed of trust, as they did not Properly provide notice and accurate information in the requisite filings under California Civil Code Sections 2923.6, nor did they provide the proper notice of sale pursuant to California Civil Code Sections 2923.5.

10. To make matters worse, this case also arises because the Plaintiff was a victim of unlawful and wrongful foreclosure and/or an underlying conspiracy to commit fraud that resulted in foreclosures being initiated by the Defendants on the Plaintiff home. These foreclosures were, and are, based upon a deed of trust and a note in the mortgage that are no longer held by the same entity or party and are based upon deeds of trust that are flawed at the day of origination of the loan because the WELLS FARGO BANK NA ("WELLS FARGO") was name as the beneficiary or nominee of the lender on deed of trust and promissory note.

11. WELLS FARGO was never intended to be the lender and now the servicer WELLS FARGO HOME MORTGAE ("WELLS FARGO HM") or some other party has declared the default on the loan even though the true beneficiaries have not declared default and have no further interest in the note.

12. Finally, the obligations reflected by the note executed by Plaintiff allegedly secured By WELLS FARGO deed of trust have been satisfied because the investors who furnished the funding for these loans has been paid to the degree that the extinguishment of the debt has occurred with the result that there exists no obligation on which to base any foreclosure on the

## JURISDICTION

13. This court has jurisdiction over these proceedings pursuant to 28 USC Section 157(b)(1), 28 USC Section 1334(B), other provisions of the Bankruptcy Code and Orders of the District Court.

## VENUE

14. Venue is proper in this district as this proceeding arises and relates to a case under the Bankruptcy Code pending in this district.

## PARTIES

15.     Plaintiff FORTINO AND MARIA GUERRERO is and at all times relevant has been a resident of the County of Alameda, State of California and the lawful owner of Real Property commonly at issue herein known as: 22378 Princeton Street, Hayward, California 94541. The Legal description is as follows:

APN:  431-0012-014

Legally described as follows:

***The Land is situated in the City of Hayward, County of Alameda, State of California***

(hereinafter "Real Property")

16.     Defendant WELLS FARGO BANK, N.A, 2730 GATEWAY OAKS DR STE 100, SACRAMENTO CA 95833 (hereinafter "WELLS FARGO"), at all times herein mentioned was conducting business in the County of Alameda, State of California, and was the original owner Lender of Plaintiff's Deed of Trust and Note.

17.     Defendant U.S. BANK NATIONAL ASSOCIATION, 425 Walnut Street, Cincinnati, OH 45202-3923, AS TRUSTEE FOR MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-G (hereinafter "U.S. BANK'), at all times herein mentioned

was conducting business in the County of Alameda, State of California and is the purported current creditor and holder of the Deed of Trust for the above name Real Property.

18.     Defendant WELLS FARGO HOME MORTGAGE 2730 GATEWAY OAKS DR STE 100, SACRAMENTO CA 95833 (hereinafter "WELLS FARGO H M"), at all times herein mentioned was conducting business in the County of Alameda, State of California and was is the entity named as the loan servicer on the mortgage loan which is the subject of this action.

19.     Defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES 6 Campus Circle, Floor 2, Westlake, Texas 76262 (hereinafter 'FIRST AMERICAN'), at all times herein mentioned was conducting business in the County of Alameda, State of California and was listed on the Notice of Default and the Notice of Trustee's Sale for the above named Real Property.

20.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

21.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants. Plaintiff alleges that each and every defendant alleged herein ratified the conduct of each and every other defendant. Plaintiff further alleges that at all times said defendants were acting within the purpose and scope of such agency and employment.

22.     Plaintiffs obtained a mortgage loan on the forgoing Real Property on or about November 2, 2005 and financed there purchase through WELLS FARGO by virtue of a Trust Deed and Note securing the loan.

23.     Plaintiff further alleges that on or about August 26, 2009, Defendants alleged that Plaintiff became in default on their loan. However, the Declaration of Due Diligence that is

required to be attached to the Notice of Default is missing pursuant to *California Civil Code Section 2923.5*, therefore making the Notice of Default void. A true and correct copy of the Notice of Default is attached hereto as "Exhibit A" and incorporated herein by reference. Plaintiff further alleges that Defendants sold her Property at a public auction in November 2010.

24.     Plaintiff further allege on information and belief that none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure sale.

25.     Plaintiff further alleges that the attempted foreclosure sale of the Subject Property due to failed notices and unauthorized parties was not executed in accordance with the requirements of *California Civil Code Sections 2924, Section 2923.5 and Section 2923.6*.

26.     Plaintiff further allege that Defendants, and each of them, are engage in and continue to engage in violation of California law including, but not limited to, *California Civil Code Sections 2924, Section 2923.5 and Section 2923.6*, and unless restrained will continue to engage in such misconduct, and that the public necessitates that the Defendants be restrained from such conduct in the future.

## I.
## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5
### (As Against All Defendants)

27.     Plaintiff incorporates and realleges Paragraphs 1 through 26 as though such have been fully set forth herein.

28.     Defendants cannot prove that the non-judicial foreclosure which has commenced, strictly complied with the tenets of *California Civil Code Sections 2923.5 and Section 2924* in order to maintain and action for possession.

30.     The California Legislature passed Senate Bill 1137, impacting residential mortgage lenders, foreclosure procedures and eviction procedures. This law is effective immediately and extends until January 1, 2013. The Statute amends the provisions of the non-judicial foreclosure procedures found in California Civil Code of Procedure Section 2924, by adding the requirements for meetings, due diligence, and notification of counseling. The primary purpose for the Statute is foreclosure procedures and imposes an unprecedented duty upon lenders relating to contact with borrowers.

## California Civil Code Section 2923.5

31.     As of September 6, 2008, *California Civil Code Section 2923.5* applies to loans made from January 1, 2003, to December 21, 2007, and loans secured by residential real property that are for owner-occupied residences. For purposes of *California Civil Code Section 2923.5,* "owner-occupied" means that the residence is the principal residence of the borrower. Prior to filing a Notice of Default, *California Civil Codes Section 2923.5* provides in <u>pertinent part</u>;

> (a) (1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

> (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

**Lender in this case did not provide a toll-free telephone number to Plaintiff. Plaintiff was never contacted to assess their financial situation and was not given any**

**options in order to avoid foreclosure. Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option.**

(b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h).

`The required declaration is missing/improper. The declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning the contact made to Plaintiff. (See infra)`

(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.
(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made.

32.    Further *California Civil Code Section 2923.5(g)* provides that a borrower not contacted by a mortgagee, beneficiary, or authorized agent despite "due diligence" shall me all of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.
(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this

paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

**The mortgagee, beneficiary, or authorized agent never complied with the provisions of Section 2923.5(g) of the California Code in its entirety as proscribed.**

33. Plaintiff is informed and believes and thereupon alleges that the Notice of Default was invalid and unenforceable due to the intentional and willful violations including, but not limited to, failing and refusing to mail the Notice of Default within 10 business days to Plaintiff, to post and mail the Notice of Default within one month, to properly set the sale date, and to publish the Notice of Sale twenty days prior to the date set for sale as required by *California Civil Code Section 2924.*

34. Defendants did not fully comply with *California Civil Code Section 2923.5* and therefore the Notice of Default is VOID. Thus if the property is sold in a non-judicial foreclosure, the procedure is void.

<u>**Invalid Declaration on Notice of Default and/or Notice of Trustee's Sale**</u>

<u>PENALTY OF PERJURY</u>

35. The purpose of permitting a declaration under the penalty of perjury, in lieu of a sworn statement, is to help ensure that the declaration contain a truthful factual representation and are made in good faith. (<u>In re Marriage of Reese & Guy</u>, 73 Cal. App. 4th 1214, 87; Cal Rptr. 2d 339 (4th Dist. 1999).

36.     In addition to *California Civil Code Section 2923.5, California Code of Civil Procedure Section 2015.5* States:

> Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California. The certification or declaration may be in substantially the following form:
>
> (a) If executed within this state:
>
> "I certify (or declare) under penalty of perjury that the foregoing is true and correct":

_____          _____
(Date and Place)                                (Signature)

**For our purposes we need not look any further than the Notice of Default to find the declaration is missing and therefore there is no signature under penalty of perjury; as mandated by new Civil Code Section 2923.5(c). Therefore, the Notice of Default is VOID.**

## LACK OF PERSONAL KNOWLEDGE OF DECLARANT

37.     An affidavit on behalf of a corporation must show that it was made by an authorized officer or agent, and the officer himself or herself must swear to the facts. Furthermore, a person who verified a pleading is required to have personal knowledge or reasonable cause to believe the existence of the facts stated therein. Here, the Declaration for the Notice of Default by the agent does not state if the agent has personal knowledge, and how he obtained that knowledge.

38.     The proper function of an affidavit is to state the facts, not conclusions, and affidavits that merely states conclusions rather than facts are insufficient. An affidavit must set

forth facts and show affirmatively how the affiant obtained the personal knowledge of those facts. The Notice of Default <u>does not</u> have the required agent's personal knowledge of the facts and if the Plaintiff borrower was affirmatively contacted in person or by telephone to assess the Plaintiff's financial situation and explore options for Plaintiff to avoid foreclosure. Simply put, the declaration was missing all together.

39. Plaintiff alleges that Defendants, and each of them, willfully, wrongfully and without justification, and without privilege commenced an invalid foreclosure sale against the Plaintiff's Real Property, thereby, slandering Plaintiff's title thereto.

40. Furthermore, the California Foreclosure Prevention Act, which became effective June 15, 2009, delays the non-judicial foreclosure process by requiring an additional 90 day delay (beyond the current three-month period) between recording a notice of default and a notice of stay for certain residential properties. The law applies to:

1. Loan recorded between January 1, 2003 and January 1, 2008, inclusive;
2. The borrower occupies the property as his/her primary residence and occupied it at the loan became delinquent;
3. A notice of default has been recorded on the property; and
4. The loan is secured by a first lien on residential property that is located in California.

41. In this case, Plaintiff's property was, and is, their primary residence and their deed was dated November 2, 2005. Therefore, the California Foreclosure Prevention Act applies and they should be allowed in additional 90 days (plus the three-month period already) after the Notice of Default is recorded. Therefore, the Notice of Trustee's Sale recorded is also void.

**II.**
**SECOND CAUSE OF ACTION**
**FOR FRAUD**
**(As Against All Defendants)**

42. Plaintiff repeats and realleges Paragraphs 1 through 41 as though fully set forth herein.

43. On or about November 2, 2005, Plaintiff obtained a mortgage loan the WELLS FARG to refinance his home. On or about August 28, 2009, WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN purported to execute a Notice of Default.

44. Plaintiff has recently learned that Defendant WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN listed on the Notice of Default and Notice of Trustee's Sale are not the legal owners of the Note and Deed of Trust and were not at the time they issued the notices and commenced to foreclosure process, notwithstanding the fact that the note was no negotiable and did not contain a valid power of sale and also was void due to the missing/invalid Declaration of Due Diligence.

45. The Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of Pribus v. Bush, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such, the foreclosure of Plaintiff's Real Property was void.

46. In addition, *California Civil Code Section 2932.5* governs the Power of Sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments:

"Where the power of sale of real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, **there power is part**

**of the security and vests in the person who by the assignment becomes entitled to payment** of the money secured y the instrument. The power of sale may be exercised by the assignee if the assignment in duly acknowledged and recorded."

47. Defendants have no standing to enforce non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale because an assignment was not acknowledge or recorded.

48. *Uniform Commercial Code Section 3-31* states that the "person entitled to enforce an instrument" is either the holder of the instrument or a non-holder in <u>possession</u> of the instrument who has the rights of the holder. Furthermore, Section 3-302 states that a "holder in due course" is not a person who acquired rights of an instrument by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding.

49. Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to WELLS FARGO, WELLS FARGO is the Lender and only party entitled to enforce the Note and any security interest with it.

50. WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN is not listed anywhere in the Deed of Trust or Promissory Note.

51. The Alameda County Recorder's Office does not contain any evidence of a recorded assignment from WELLS FARGO.

52. As a result, the power of sale may not be exercised by any of the Defendants since there was never an acknowledged and recorded assignment pursuant to *California Civil Code Section 2932.5*. Furthermore, Defendant WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN have no lawful security interest in the Real Property.

53.     Plaintiff allege that the Defendants, and each of them, falsely represented that the Notice of Default was validly executed, that they intended to induce Plaintiff into relying on the misrepresentation, that they knew at the time they made these representations to Plaintiff that they were untrue, and defendants knew at the time they were attempting to foreclose on Plaintiff's Trust Deed and note that they had no right to do so.

54.     Plaintiff allege that due to his reliance of Defendants representations he has been damaged in an amount that currently exceeds $25,000.00 and additional costs.

55.     Plaintiff allege Defendants, and each of them, intentionally and fraudulently converted Plaintiff's right, title and interest in his property, and any equity therein. Defendants' willful deceit was with the intent to induce Plaintiff into believing they had authority to start the foreclosure process by recording a false document. (See infra)

56.     Defendants' conduct as set forth above was intentional, oppressive, fraudulent and malicious so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

## **Recording a False Document**

57.     The Notice of Default states, "That by reason thereof, the present beneficiary under such deed of trust, has ***executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby.***"

However, Defendants do not have the original promissory note, nor do they provide any documents evidencing obligations secured thereby.

58.     Furthermore, according to *California Penal Code Section 115* in pertinent parts:

(a) Every person who knowingly procures offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which

instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.

(b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

In addition, *California Evidence Code Section 669* states in pertinent part:

> (a) The failure of a person to exercise due care is presumed if:
> (1) He violated a statute, ordinance, or regulation of a public entity.

Here, as stated above the Declaration of Due Diligence as required by Section 2923.5 of the California Civil Code is missing and/or improper for the Notice of Default. Therefore, Defendant WELLS FARGO is guilty of a felony for recording the Notice of Default with a false instrument according to California Penal Code Section 115. Since Defendants have violated a statute, the failure of them to exercise due care will be presumed.

59. Furthermore, This defendant did not adhere to the mandates laid out by congress before foreclosure can be considered duly perfected. The Notice of Default states:

"That by reason thereof, the present beneficiary under such deed of trust, has **executed and delivered to said agent, a written Declaration of Default and Demand the same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby,** and has declared and does hereby declare all sums secured hereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured hereby."

However, Defendants do not have the Deed of Trust, nor do they provide any documents evidencing obligations secured thereby. For the aforementioned reasons, the Notice of Default will be void as a matter of law and Defendants recorded a false document.

## III.
## THIRD CAUSE OF ACTION
## FOR INTENTIONAL MISREPRESENTATION
### (As Against All Defendants)

60.     Plaintiff incorporates and realleges Paragraphs 1 through 59 as though such have been fully set forth herein.

61.     Plaintiff is informed and believe that the representation on the Deed of Trust and the Notice of Default was a false intentional misrepresentation in the following particulars:

[A]     Defendant WELLS FARGO knew WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN  were not authorized to commence the foreclosure  process by executing a Notice of Default and it was made for the sole purpose on inducing reliance and confusing Plaintiff.

[B]     At the time Defendants WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN  executed the Notice of Default they knew the required Declaration of Due Diligence was false and for the sole purpose of inducing reliance and confusing Plaintiff. Defendants also recorded a document they knew was false.

[C]     WELLS FARGO H M AND/OR U.S. BANK were not entitled to any payments and authorized to start the foreclosure process since there was never a recorded assignments from WELLS FARGO.

## IV.
## FOURTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6
### (As Against All Defendants)

62.     Plaintiff incorporates and realleges Paragraphs 1 through 61 as though such have been fully set forth herein.

63.     Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

64.     *California Civil Code Section 2923.6* broadens and extends the PSA duty to provide that the mortgage, beneficiary, or authorized agent offer the borrower a loan modification or written plan if such a modification or plan is consistent with its contractual or other authority.

65.     Pursuant to *California Civil Code Section 2923.6(a),* a servicers acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

66.     Plaintiff's loan is presently in an uncertain state and The Joint Economic Committee of Congress estimated in June 2007 that the average foreclosure results in $77,935.00 in costs to the homeowner, lender, local government, and neighbors.

67.     Of the $77,935.00 in foreclosure costs, The Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring and reselling the property to a third party. Freddie Mac places this loss higher at $58,759.00.

68.     Plaintiff is willing, able, and ready to execute a modification under terms to be negotitade.

69.     Any loan modification would have to be for the present fair market value of the property.

70.     Pursuant to *California Civil Code Section 2823.6*, Plaintiff invoke the remedies embodied in the aforementioned agreement and/or codes with a <u>willingness to execute a modification of his loan</u>. This option was not explored with the Plaintiff.

71.     Furthermore, according to <u>Anthony E. Dimock v. Emerald Properties, LLC, et al.</u> (81 Cal.App.4[th] 868, 97 Cal.Rptr.2d 225), Plaintiff was not required to rely upon equity in attacking the deed and therefore he was not required to meet any of the burdens imposed when, as a matter of equity, a party wises to set aside a voidable deed. (See <u>Little v. CFS Service Corp.</u>, supra, 188 Cal.App.3d at p. 1359.) In particular, Plaintiff is not required to tender any of the amounts due under the note.

72.     Also in <u>Scott v. Security Title Ins. & Guar. Co.</u>, (1937) 9 Cal.2d 606, 610-611, the court stated that "It is true that if the sale had been totally void their tender obligation would have been excused." A "void sale" according to 12 Thompson on Real Estate, Thomas Editions Section 101.0(c)(2)(i) can be set aside even though the property passed into a bona fide purchaser. Furthermore, the section states that most of the cases in which a sale to a bona fide purchaser was set aside involved *sales by trustees or mortgagees who lacked the power of sell.*

73.     Plaintiff is suing for a legal remedy and therefore, there is no requirement of tender. In addition, the lack of power of sale rendered the sale void which would excuse Plaintiff's tender obligation.

## V.
## FIFTH CAUSE OF ACTION
## <u>VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1572</u>
### (As Against All Defendants)

74.     Plaintiff incorporates and reallege Paragraphs 1 through 73 as though such have been fully set forth herein.

75.     Plaintiff is an unsophisticated customer whose reliance upon Defendants was reasonable and consistent with the Congressional intent and purpose of California Civil Code Section 1571 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

76.     Defendants' misrepresentations, failure to assign as described above were made with the intent to induce Plaintiff to obligate himself in reliance on the integrity of Defendants and/or Defendants' predecessors.

77.     As an unsophisticated customer, Plaintiff could not have discovered the true nature of the material facts on his own.

78.     Plaintiff was ignorant of the facts which Defendants misrepresented and failed to disclose and his reliance was a substantial factor in causing him harm.

79.     As a proximate result of Defendants, Plaintiff has suffered damage in an amount to be determined at trial.

80.     The conduct of Defendants as mentioned above was fraudulent within the meaning of *California Civil Code Section 3294(c)(3)*, and by virtue thereof Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and make example of the Defendants.

## V.
## FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1572
### (As Against All Defendants)

81.     Plaintiff incorporates and realleges Paragraphs 1 through 80 as though such have been fully set forth herein.

82.     Plaintiff allege that the Defendants' practices are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of

*Business and Professional Code Section 17200.* The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading declaration of Notice of Default present a continuing threat to members of the public in that other consumers will be defrauded into assuming this void Notice of Default is in fact valid. Plaintiff and other members of the general public have no other adequate remedy at law.

83.     Plaintiff allege that the employees and/or agents of WELLS FARGO HM, U.S. BANK, AND/OR FIRST AMERICAN  represented that said employees and/or agents had contacted Plaintiff to assess his situation. Defendants recorded a false document known as the Notice of Default with an invalid Declaration. Furthermore, there was never an assignment from WELLS FARGO to WELLS FARGO HM to U.S. BANK, AND/OR FIRST AMERICAN . Therefore, the Notice of Default is VOID  as a matter of law.

84.     The harm to Plaintiff and members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code Section 17200.*

85.     As a result of the aforementioned acts, Plaintiff have lost money or property and suffered injury in fact. Defendants received and continue to hold Plaintiffs' money and other members of the general public.

86.     The aforementioned acts of Defendants, and each of them, were motivated by oppression, fraud, malice, in that Defendants, and each of them, by their respective acts, omissions, nonfeasance, misfeasance and/or malfeasance executed invalid foreclosure sale of the Plaintiff's Real Property, in order to deny Plaintiff of his rights of possession and ownership, whereupon, the Foreclosure was defective as discussed above due to the VOID Notice of Default

and as such the Property must be restored to Plaintiff or alternatively Plaintiff is entitled to the value thereof.

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief against the Defendants:

1. Actual Economic and Non Economic Damages:

2. For rescission of any Trustee Sale;

3. For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default;

4. For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all persons acting under, for, or in concert with them, from foreclosing on Plaintiff's Home or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's Home;

5. For damages as provided by statute;

6. For an Order enjoining Defendants from continuing to violate the statutes alleged.

7. For an a restraining order preventing Defendants and/or their agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising the Real Property for sale (ii) attempting to transfer title to the Real Property and/or (iii) holding any auction therefore;

8. For punitive damages;

9. For cost of suit and reasonable attorney's fees;

10. For such other and further relief as the court may deem just and proper.

//

1

2  Dated:  December 6, 2010

3                                    *Fortino Guerrero / Maria Guerrero*

4                                    FORTINO AND MARIA GUERRERO
                                     Attorney for Plaintiff, Pro Se
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28