```
 1  Glenn H. Wechsler, State Bar No. 118456
    Lawrence D. Harris, State Bar No. 153350
 2  LAW OFFICES OF GLENN H. WECHSLER
    1646 N. California Blvd., Suite 450
 3  Walnut Creek, California  94596
    Telephone:  (925) 274-0200
 4  Email: larry@glennwechsler.com

 5  Attorneys for Defendant
    FIRST AMERICAN TRUSTEE SERVICING
 6  SOLUTIONS LLC, formerly known as
    FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC

 7

 8              IN THE UNITED STATES BANKRUPTCY COURT

 9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12  In re:                            )   CASE NO.:   10-49541-RLE
                                      )   Adv. No.:   10-04406-RLE
13  FORTINO GUERRERO and MARIA        )
    GUERRERO,                         )   Chapter 13
14                                    )
                                      )   Assigned to:  Hon. Roger L. Efremsky
15              Debtor(s).            )
                                      )   MOTION TO DISMISS FOR FAILURE
16  _____)   TO STATE A CLAIM; MEMORANDUM
                                      )   OF POINTS AND AUTHORITIES;
17  FORTINO GUERRERO and MARIA        )   REQUEST FOR JUDICIAL NOTICE
    GUERRERO,                         )   [FRCP 8(A) & (D); 9(B); 12(B)(6)]
18                                    )
                                      )   Date:       March 24, 2011
19              Plaintiffs,           )   Time:       11:00 a.m.
    vs.                               )   Ctrm:       201
20                                    )   Trial Date: None
    WELLS FARGO BANK, N. A.,          )
21  et al.,                           )
                                      )
22                                    )
                Defendants.           )
23  _____)

24

25

26

27

28  MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
    MEMORANDUM OF POINTS AND AUTHORITIES
    Adv. No.: 10-04406-RLE
```

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 1 of 20

# MEMORANDUM OF POINTS AND AUTHORITES

# TABLE OF CONTENTS

PAGE(S)

TABLE OF CONTENTS............................................................................ i

TABLE OF AUTHORITIES...................................................................... ii-iv

I. INTRODUCTION............................................................................. 1

II. STATEMENT OF FACTS................................................................. 2

III. PROCEDURAL HISTORY............................................................... 3

IV. LEGAL ARGUMENT....................................................................... 3

    A. Plaintiff has not met the minimum standard of "plausibility" required to pass beyond the pleading stage............... 3

    B. The prior order of dismissal entered by the Superior Court is entitled to *res judicata* effect........................................................ 6

    C. The Court need not retain jurisdiction over the instant adversary proceeding after dismissal of the underlying case, as all of the claims arise under state law, and the subject property never passed in the bankruptcy estate.................................................................. 6

    D. Plaintiffs have no remedy under Cal.Civil Code §§2923.5 et seq., and First American has in any event fully discharged its statutory duties... 7

    E. First American's acts as trustee are privileged under California law.... 10

    F. Plaintiffs have failed to plead fraud with particularity...................... 12

    G. Plaintiffs cannot set aside the trustee sale, as they have not alleged a statutory defect, and they have not tendered the amount due............. 13

    H. Plaintiffs' wrongful foreclosure claims fail, as there was indeed an assignment of the Deed of Trust to U.S. Bank, and the UCC does not apply to trustee sale proceedings...................................................... 14

V. CONCLUSION.................................................................................. 15

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES
Adv. Case No: 10-04406-RLE

i

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 2 of 20

# TABLE OF AUTHORITIES

PAGE(S)

*Allen v. McCurry*, 449 U.S. 90, 96, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)............. 6

*Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985)... 6

*Anaya v. Advisors Lending Group* (E. D. Cal. 2009),
2009 U.S. Dist. LEXIS 68373 at *6.................................................................. 7

*Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.)............ 4

*Atherton v. District of Columbia Office of Mayor*,
567 F.3d 672, 681-82 (D.C. Cir. 2009)................................................................. 5

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)............................ 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)....................... 1,4,15

*Cairns v. Franklin Mint Co.*, 27 F.Supp.3d 1013, 1023 (C.D. Cal. 1998)........................ 4

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)....................... 4

*Conley v. Gibson* 335 U.S. 41, 45-46 (1957)........................................................ 1,3,15

*Curtis v. Option One Mortgage Corp.*, et al.
(E. D. Cal. 2010) 2010 U. S. Dist. LEXIS 20995 at *31-33.................................... 8

*Davis v. Corrington* (In re: Davis) 177 B. R. 907, 912 (9th Cir. BAP, 1995).............. 7

*Edwards v. Centex Real Estate Corp.*,
(1997) 53 Cal.App.4th 15, 29 [61 Cal.Rptr.2d 518]............................................... 10

*Erickson v. Pardus*,
551 U. S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)....................... 5

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L. Ed.2d 251 (1976).............. 5

*Farner v. Countrywide* (S.D. Cal. 2009) 2009 U. S. Dist. LEXIS 5303 at *4-*5......... 7

*Grodensky v. Artichoke Joe's Casino*,
171 Cal.App.4th 1399, 1420, 91 Cal.Rptr.3d 732 (2009)..................................... 7,8

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES
Adv. Case No: 10-04406-RLE

ii

*Heritage Oaks Partners v. First American Title Ins. Co.*,
(2007) 155 Cal.App.4th 339, 345-346............................................................... 11

*Holland v. Pendleton Mtg. Co.*, 95 Cal.App.2d at 735...................................... 13

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 290.......................... 13

*Interstate Natural Gas Co. v. Southern California Gas Co.*,
(9th Cir. Cal. 1953) 209 F.2d 380, 384............................................................... 4

*I. E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 287-288............ 11

*In re: Gilead Sciences* (9th Cir. 2008) 536 F.3d 1049, 1055............................. 4

*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333-334, 339-342............ 10

*Karlsen v. American Savings & Loan Association*,
(1971) 15 Cal.App.3d 112, 117, 118................................................................. 13

*King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)....................................... 4

*Kuoha v. Equifirst Corp.* (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 94699 at *13........ 7

*Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995)....................... 1

*MCA, Inc. v. Universal Diversified Enterprises Corp.*,
(1972) 27 Cal. App.3d 170, 177........................................................................ 13

*Mabry v. Aurora Loan Services*, 185 Cal.App.4th 208, 214, 221, 233, 234-235 (2010    8,9

*Mack v. Golino* (1950) 95 Cal.App.2d 731, 735............................................... 13

*Ortiz v. Accredited Home Lenders, Inc.* (S.D. Cal. 2009) 639 F. Supp.2d 1159, 1166... 7

*Porter v. Wilson*, 419 F.2d 254, 258 (9th Cir. 1969)......................................... 6

*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)............................. 5

*Rubin v Green* (1993) 4 Cal. 4th 1187, 1194-1195........................................... 10

*Silberg v. Anderson*, 50 Cal.3d 205, 216........................................................... 10

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)................................. 12

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)................... 5

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES
Adv. Case No: 10-04406-RLE

iii

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 4 of 20

*United States Cold Storage v. Great Western Savings & Loan Association,*
(1985) 165 Cal.App.3d 1214, 1222-1223.................................................. 13

*Vournas v. Fidelity Nat. Tit. Ins. Co.,* 73 Cal.App.4th at p. 677.................. 11

*Williams v. Koenig* (1934) 219 Cal. 656, 660.......................................... 13

**CALIFORNIA STATUTES**
**Civil Code**
    Section 47.................................................................................... 10
    Section 47(b)................................................................................ 10
    Section 2015.5.............................................................................. 9
    Section 2923.5 et seq................................................................... 7
    Section 2923.5............................................................................. 1,9
    Section 2923.5(a)(2).................................................................... 10
    Section 2923.5(b)......................................................................... 10
    Section 2923.5(c)......................................................................... 10
    Section 2923.5(c)(1).................................................................... 9
    Section 2923.5 (c)(2)................................................................... 9
    Section 2923.5(g)......................................................................... 10
    Section 2923.5(h)......................................................................... 9
    Section 2923.6............................................................................. 2
    Section 2924 et seq..................................................................... 14
    Section 2924(a)(1)....................................................................... 14
    Section 2924(b)........................................................................... 11
    Section 2924(d)........................................................................... 10

**Commerical Code**
    Section 3104................................................................................ 14
    Section 3301................................................................................ 14,15

**OTHER**
**11 United States Code**
    Section 541.................................................................................. 7

**28 United States Code**
    Section 1334(b)........................................................................... 6
    Section 1738................................................................................ 6

**Federal Rules of Civil Procedure**
    Rule 8(a)....................................................................................... 1
    Rule 8(d)....................................................................................... 1,5
    Rule 9(b)....................................................................................... 1,12
    Rule 12(b)(6)................................................................................ 3

*Stats.* 2008 ch. 69............................................................................. 8

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES
Adv. Case No: 10-04406-RLE

iv

Case: 10-04406　Doc# 7　Filed: 02/01/11　Entered: 02/01/11 10:00:35　Page 5 of 20

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, formerly known as FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC ("Defendant" or "First American") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim.

## I. INTRODUCTION

The instant adversary proceeding was filed after the underlying bankruptcy case was dismissed. The same claims and allegations of wrongful foreclosure were dismissed *with prejudice* by the Alameda County Superior Court in a prior proceeding. The subject real property was foreclosed before the underlying bankruptcy case was filed, and the property never passed into the estate. All of Plaintiff's claims arise under non-bankruptcy law, and in any case are without merit. It is clear that there is no remedy under Cal. Civil Code §2923.5 after a foreclosure sale, and First American's duties as trustee under the statute are very limited. Under state law and general equitable principles, a mortgagor may not seek to set aside a foreclosure sale without first having tendered the amount due. Plaintiffs' fraud claims are merely a restatement of their baseless wrongful foreclosure theories, and do not comply with Fed. Rule Civ. Proc. 9(b). Plaintiffs' claims are completely without merit, and the Complaint does not include "a short and plain statement" of the basis for relief against First American, the trustee of the deed of trust, and thereby violates Fed. Rule Civ. Proc. 8(a). The Complaint is not "simple, concise and direct" and therefore violates Fed. Rule Civ. Proc. 8(d). Plaintiffs have no chance of proving any "set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 335 U.S. 41, 45-46 (1957), and the Complaint is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Leave to amend should be denied where it is absolutely clear that a *pro se* plaintiff is incapable of pleading new facts that would overcome the deficiencies of

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 1 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 6 of 20

the complaint. *Lucas v. Dept. of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). Sufficient grounds exist for the court to find that Plaintiffs cannot possibly succeed on the merits of their claims, and therefore the Complaint should be dismissed *with prejudice.*

## II. STATEMENT OF FACTS

Plaintiffs FORTINO GUERRERO and MARIA GUERRERO ("Plaintiffs" or "Debtors") are the former owners of certain real estate described in the Complaint and commonly known as 22378 Princeton Street, Hayward, California ("Property") [Complaint ¶5]. Plaintiffs executed a promissory note secured by a deed of trust ("Deed of Trust") encumbering the Property on or about October 27, 2005. The Deed of Trust was recorded in the real estate records of Alameda County, California on November 2, 2005 [Request for Judicial Notice, Deed of Trust]. Pursuant to the Deed of Trust, Plaintiffs, collectively, are the "Borrower," WELLS FARGO BANK, N. A. ("Wells Fargo") is the "Lender" and "Beneficiary" thereunder, and Fidelity National Title Insurance Company was the original trustee. First American is the successor trustee under the Deed of Trust pursuant to a Substitution of Trustee executed by Wells Fargo, and recorded in the real estate records of Alameda County, California on October 2, 2009 [Request for Judicial Notice, Substitution of Trustee]. First American recorded a "Notice of Default and Election to Sell" under the Deed of Trust in the real estate records of Alameda County, California on August 28, 2009, together with the lender or loan servicer's "Notice of Default Declaration" as required by Cal. Civil Code §§2923.6 [Request for Judicial Notice, Notice of Default and Election to Sell; Notice of Default Declaration]. The Deed of Trust was assigned by Wells Fargo to U. S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA FUNDING CORPORATION 2006-G ("U. S. Bank"). The Assignment of Deed of Trust was recorded in the real estate records of Alameda County, California on October 19, 2009 [Request for Judicial Notice, Assignment of Deed of Trust]. The defaults were not cured, and First American recorded a Notice of

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 2 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 7 of 20

Trustee Sale in the real estate records of Alameda County, California on November 30, 2009 [Request for Judicial Notice, Notice of Trustee's Sale]. The Property was sold to U. S. Bank at a trustee sale on January 27, 2010, and a Trustee's Deed Upon Sale was recorded in the real estate records of Alameda County, California on February 8, 2010 [Request for Judicial Notice, Trustee's Deed Upon Sale].

### III. PROCEDURAL HISTORY

Following the foreclosure sale, Plaintiffs on March 12, 2010 filed an action in the Superior Court for Alameda County, California containing essentially identical claims [*Guerrero v. Wells Fargo Bank, N. A., et al.,* Case No. HG10-503849]. First American demurred to the complaint, which Plaintiffs did not oppose. The demurrer was sustained with leave to amend on July 1, 2010 [Request for Judicial Notice, Order on Demurrer]. Plaintiffs failed to amend the complaint, and First American filed a motion to dismiss. The Plaintiffs again failed to oppose the motion, which was granted, with prejudice, on September 7, 2010 [Request for Judicial Notice, Order on Motion to Dismiss]. Plaintiffs commenced the instant bankruptcy case on August 20, 2010. The petition was filed without the required credit counseling certificate. The Chapter 13 Trustee filed a motion to dismiss, which the Debtors failed to oppose. The case was dismissed on September 29, 2010 [Order of Dismissal, Docket No. 20]. After the Chapter 13 case was dismissed, the Debtors filed this adversary proceeding on December 20, 2010.

### IV. LEGAL ARGUMENT

#### A. Plaintiff has not met the minimum standard of "plausibility" required to pass beyond the pleading stage.

Fed. Rule of Civ. Proc. 12(b)(6) provides for dismissal if the plaintiff "fails to state a claim upon which relief can be granted." The traditional standard for such motions is that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 335 U.S. 41, 45-46 (1957). The modern rule

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 3 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 8 of 20

is that a properly pled complaint must at least be "plausible on its face" and plaintiffs must "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. 1 A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law.2 Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." 3 "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."4 A motion to dismiss admits all well pleaded facts, but does not admit facts which the court will judicially notice as not being true. *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. Cal. 1953) 209 F.2d 380, 384.

> The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. ***Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.***

[*In re: Gilead Sciences* (9th Cir. 2008) 536 F.3d 1049, 1055].

As the Supreme Court recently stated:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*** Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks

---

1 *Cairns v. Franklin Mint Co.*, 27 F.Supp.3d 1013, 1023 (C.D. Cal. 1998).
2 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).
3 *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.)(citation omitted).
4 *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 4 of 15
Adv. No.: 10-04406-RLE

omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **_but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions._** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. [*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009), 173 L. Ed.2d 868]

When it is clear from currently available evidence [the exhibits to the complaint and documents of which the court may take judicial notice] that Plaintiff cannot state a claim as a matter of law, discovery would be futile and pointless, and the case should be dismissed at the pleading stage. The complaint contains few if any factual allegations; instead it consists of "boilerplate" conclusory allegations. The subject Property had been sold at a trustee sale prior to the filing of the bankruptcy case, so it never became "property of the estate." Furthermore, the claims set forth in the Complaint have already been adjudicated adversely to Plaintiffs, which determination is entitled to *res judicata* effect.

The Complaint does not include "a short and plain statement" of the basis for relief and therefore violates Fed. Rule Civ. Proc. 8(a); and is not "simple, concise and direct" and therefore violates Fed. Rule Civ. Proc. 8(d). While it is true that pleadings by *pro se* litigants are held to a less stringent standard that those prepared by attorneys [*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L. Ed.2d 251 (1976], *pro se* litigants are not relieved of the obligation to allege sufficient facts to state a claim and to do so under the "plausibility" standard [*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009)]. As more fully set forth below, Plaintiffs' claims are not "plausible" and they cannot state a claim under the facts alleged, even if granted leave to amend. The complaint, and all the claims set forth therein against Defendant First American, should be dismissed *with prejudice*.

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 5 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406    Doc# 7    Filed: 02/01/11    Entered: 02/01/11 10:00:35    Page 10 of 20

### B. The prior order of dismissal entered by the Superior Court is entitled to *res judicata* effect.

The Plaintiffs brought essentially identical claims against the same parties, and involving the same property, in the Superior Court in and for the County of Alameda, California, on March 18, 2010. The state-court complaint included causes of action for quiet title, wrongful foreclosure, breach of implied covenant of good faith and fair dealing, unfair business practices, breach of fiduciary duty, intentional infliction of emotional distress, negligent infliction of emotional distress, and injunctive relief [Request for Judicial Notice, Superior Court Complaint]. All of these causes of action arose from the same set of facts as pled in the instant adversary proceeding – Plaintiffs' real estate mortgage loan and the foreclosure of their residence. First American's unopposed demurrer was sustained, as to certain causes of action with leave to amend. The Plaintiffs failed to amend, and the case was ultimately dismissed *with prejudice*. Federal courts are required by statute to give *res judicata* effect to the judgments of state courts. *See* 28 U.S.C. § 1738 (1982); *Allen v. McCurry*, 449 U.S. 90, 96, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980); *Porter v. Wilson*, 419 F.2d 254, 258 (9th Cir. 1969); *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). As the state court case arising out of the same set of facts was dismissed *with prejudice* by the Superior Court, this adversary proceeding should also be dismissed.

### C. The Court need not retain jurisdiction over the instant adversary proceeding after dismissal of the underlying case, as all of the claims arise under state law, and the subject property never passed in the bankruptcy estate.

Bankruptcy Courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11" [28 U.S.C. §1334(b)]. While it may be going too far to say that the Court lacks jurisdiction over this adversary proceeding because of the dismissal of the underlying case, the Court can decline to assume jurisdiction in a case where there are no claims "arising under title 11." The claims in this case all arise under California statutory or case law. Furthermore, the subject

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 6 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 11 of 20

Property was sold at a foreclosure sale, and title was perfected, prior to the bankruptcy case being filed. Therefore, the real property never became "property of the estate" under 11 U. S. C. §541. In the case of *Davis v. Corrington* (In re: Davis) 177 B. R. 907, 912 (9th Cir. BAP, 1995), the Bankruptcy Appellate Panel held that the Bankruptcy Court had jurisdiction over an adversary proceeding in which in underlying case had dismissed, because the claims arose under the Bankruptcy Code (alleged violations of the automatic stay). In this case, there could not possibly been any violations of the stay concerning the trustee sale, as it was completed before the case was filed. No such violations or other claims arising under bankruptcy law have been alleged. It should also be pointed out that the instant adversary proceeding was not filed until after the bankruptcy case was dismissed, as opposed to the usual scenario where the dismissal occurs after the adversary complaint is filed. The Court should decline to assume jurisdiction over this proceeding.

### D. Plaintiffs have no remedy under Cal. Civil Code §§2923.5 et seq., and First American has in any event fully discharged its statutory duties.

Due to the statute being fairly new, the law has been somewhat unsettled as to remedies under Cal. Civil Code §§2923.5 *et seq*. Some courts have ruled that the statute does not create a private right of action in a borrower at any time. [See *Kuoha v. Equifirst Corp.* (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 94699 at *13]. Even the courts that have been unwilling to go so far as to rule that no such right of action exists recognize that the statute does not require that the lender actually modify the loan. See *Ortiz v. Accredited Home Lenders, Inc.* (S.D. Cal. 2009) 639 F. Supp.2d 1159, 1166 ("the statute does not require a lender to actually modify a defaulting borrower's loan but rather requires *only contacts or attempted contacts* in a good faith effort to prevent foreclosure" [emphasis added]); see also *Farner v. Countrywide* (S.D. Cal. 2009) 2009 U. S. Dist. LEXIS 5303 at *4-*5. Other courts have stated that no such private right exists at all because the Legislature did not express its intent to create such a right. See *Anaya v. Advisors Lending Group* (E. D. Cal. 2009), 2009 U.S. Dist. LEXIS 68373 at *6 ("the statute does not require a lender to accept a loan modification. "'A statute creates a private right of

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 7 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406    Doc# 7    Filed: 02/01/11    Entered: 02/01/11 10:00:35    Page 12 of 20

action only if the enacting body so intended.'" [citing *Grodensky v. Artichoke Joe's Casino*, 171 Cal.App.4th 1399, 1420, 91 Cal.Rptr.3d 732 (2009)]. The *Grodensky* case was also cited with approval in *Curtis v. Option One Mortgage Corp.*, et al. (E. D. Cal. 2010) 2010 U. S. Dist. LEXIS 20995 at *31-33. The declaration of legislative intent [*Stats.* 2008 ch. 69] does not indicate any intent to create a private right of action in an individual borrower. The legislative declaration cites the threat to the real estate market and the California economy *as a whole*, rather than protection of individual borrowers, as the impetus for the emergency legislation.

The California Court of Appeal, in a recent decision, clarified the scope of a borrower's private right of action under the statute [*Mabry v. Aurora Loan Services*, 185 Cal.App.4th 208 (2010)]. In *Mabry*, the court ruled that a private right of action indeed exists, but that the only remedy is a postponement of the sale to allow compliance with the statute [*Mabry, supra*, at 214]. The *Mabry* court also stated that:

> There is nothing in Section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale. We would merely note that under plain language of section 2923.5, read in conjunction with Section 2924g, *the only remedy provided is a postponement of the sale before it happens...*

[*Mabry, supra*, at 221 (emphasis added)].

The public policy in favor of finality of trustee sale mandates that there be no remedy for a statutory violation, even if there was one, *after the sale is completed* [*Mabry, supra*, at 221 ("a primary reason for California's comprehensive regulation of foreclosure in the Civil Code is to ensure stability of title after a trustee's sale")]. In spite of Plaintiffs' conclusory and demonstrably false statement that the required declaration is "missing" [Complaint ¶23], a declaration complying with the statute was indeed recorded with the Notice of Default [Request for Judicial Notice, Notice of Default & Declaration]. Plaintiffs allege that they have attached as Exhibit A to the Complaint a copy of the recorded Notice of Default, which purportedly lacks a declaration, but *there are no exhibits attached to the Complaint*. After claiming that no declaration was filed, Plaintiffs elsewhere in the Complaint contend that the declaration is defective and insufficient as it was not executed under penalty of perjury [Complaint ¶¶35-38].

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 8 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406  Doc# 7  Filed: 02/01/11  Entered: 02/01/11 10:00:35  Page 13 of 20

As for Plaintiffs' claims contesting the form of the declaration, the statute does not require any particular form or that it be executed under penalty of perjury. Cal. Civil Code §2015.5 is not referenced or incorporated into the statute. The statute provides that a lender or beneficiary is in compliance with Cal. Civil Code §2923.5 if it files a "declaration" stating that "the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure" and "lists the efforts made, if any to contact the borrower in the event no contact was made [CC §2923.5(c)(1) & (2)]. The recorded declaration states that "one of the below necessary requirements was met by the Beneficiary," and then tracks the statutory language of Civil Code §2923.5(h). In *Mabry*, the court found that a declaration which "tracks the statute" is sufficient, and it need not be executed under penalty of perjury [*Mabry, supra*, at 234-235]. As to the requirement of personal knowledge, the Court in *Mabry* stated:

> The idea that this "declaration" must be made under oath must be rejected... if the Legislature wanted to say that the statement required under section 2923.5 must be under penalty of perjury, it knew how to do so... The way section 2923.5 is set up, too many people are necessarily involved in the process for any one person to be likely [to] be in the position where he or she could swear that all the three requirements of the declaration ... were met.

[*Mabry, supra*, at 233].

As to the required language to be contained in the declaration, the court stated:

> In light of what we have just said about the multiplicity of persons who would necessarily have to sign off on [the declaration]... there is no way we can divine an intention on the part of the Legislature that each notice of foreclosure be custom drafted... By construing the notice requirement ... to require only that the notice track the language of the statute itself, we avoid the problem of imposition of costs beyond the minimum costs not required under our reading of the statute.

[*Mabry, supra*, at 235].

Under the Court of Appeal's ruling in *Mabry*, the declaration can "track the statute" as it did in this case, and need not be under penalty of perjury. Furthermore, "the private right of action is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5" [*Mabry, supra*, at 214]. In this case, the trustee sale has already occurred. Plaintiffs have no

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 9 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 14 of 20

remedy under the statute at this point.

In addition to Plaintiffs' claims being substantively without merit, they are misdirected against First American. Plaintiffs allege that "the mortgagee, beneficiary, or authorized agent never complied with the provisions of Section 2923.5(g) of the California Code ..." [Complaint ¶32]. The statute provides that the "mortgagee, beneficiary or authorized agent" (not the trustee) shall contact the borrower to evaluate the borrowers' financial condition and make the necessary disclosures [Cal. Civ. Code §2923.5(a)(2)]. All that the statute requires *of the trustee* is that a declaration, executed by the "mortgagee, beneficiary or authorized agent" regarding compliance with the statutory provisions, be recorded together with either the notice of default or the notice of sale [Cal. Civ. Code §2923.5 (b) & (c)]. The trustee is not tasked with evaluating whether the lender's "due diligence" is statutorily sufficient. First American, as trustee, is not responsible for contacting the borrowers, for evaluating their financial condition, determining whether they qualify for a loan modification, for executing the required declaration, or determining whether the declaration is sufficient. First American does not hold the debt and could not "modify" it. Plaintiff cannot state a claim under the statute. The motion should be granted, and the case dismissed with prejudice.

### E. First American's acts as trustee are privileged under California law.

The purported liability of First American arises from its acts as successor trustee under the Deed of Trust. Plaintiffs' causes of action against Defendant First American are barred by the litigation privilege of Cal. Civil Code §47, which is made applicable in trustee sale proceedings by Cal. Civil Code § 2924(d). The effect of the litigation privilege is that it bars any tort action based on a protected communication. *See Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333-334; *Silberg v. Anderson*, 50 Cal.3d 205, 216; see also *Rubin v Green* (1993) 4 Cal. 4th 1187, 1194-1195. The privilege of *Civil Code § 47*, subdivision (b) applies to all torts other than malicious prosecution. *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 29 [61 Cal.Rptr.2d 518].) The court in *Kachlon v. Markowitz, supra*, stated as follows:

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 10 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 15 of 20

> Logic and the purposes of the statutory scheme suggest that the common interest privilege (§47, subd. (c)(1)) ... applies to nonjudicial foreclosure. As noted, the common interest privilege, applies to a "communication, *without malice*, to a person interested therein... by one who is interested." [*Kachlon, supra,* at pp. 339-342]

Plaintiffs have not alleged that First American acted with malice. Plaintiff merely alleges that the she has attempted, without success to explore loan modification and other alternatives to foreclosure with Wells Fargo [Complaint ¶¶6-7]. Plaintiffs have alleged no malice on behalf of First American. Furthermore, First American has a limited statutory role, and is entitled to rely, without liability, on the information provided by the beneficiary. First American only commenced the foreclosure proceeding as it was instructed to do by the beneficiary. As successor trustee, First American would "incur no liability for any good faith error resulting from good faith reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage" [Cal. Civ. Code §2924(b)]. First American's duties are strictly limited by statute. See *Heritage Oaks Partners v. First American Title Ins. Co.* (2007) 155 Cal.App.4th 339, 345-346: "The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and the beneficiary of the deed of trust. . . . [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." (*Vournas v. Fidelity Nat. Tit. Ins. Co.,* 73 Cal.App.4th at p. 677) Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust. As the California Supreme Court noted in *I. E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes. . . [T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 11 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 16 of 20

deed and the statutes." (*Id.* at pp. 287-288, citations omitted.). Plaintiff has not alleged that Loanstar stepped outside its statutorily protected role of a foreclosure trustee or acted with malice. For First American to be dragged into a dispute between Plaintiff and her lender regarding a loan modification would be contrary to California law and public policy. First American is statutorily immune from Plaintiff's claims.

### F. Plaintiffs have failed to plead fraud with particularity.

Under F.R.C.P. 9(b), fraud must be pled "with particularity." Under federal law, at a minimum, a complaint must allege (1) the time, place and contents of the alleged misrepresentations, (2) how the statements were fraudulent, (3) the identity of the person making the misrepresentations, (4) how the misrepresentations misled the plaintiff, and (5) how the defendant gained from the fraud [See *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)].

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the *"time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."* *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). [*Swartz, supra,* at p. 764]

Plaintiffs have not met these strict pleading standards. Plaintiffs merely restate in conclusory fashion their baseless lack of standing, lack of authority and "produce the note" theories. For example, Plaintiff alleges that the defendants "are not the legal owners of the Note and Deed of Trust" [Complaint ¶44], and that defendants are not "persons entitled to enforce an instrument" under the UCC [Complaint ¶48]. These are not proper allegations of fraud or misrepresentation, and in any event they are completely without merit. First American is the successor trustee under the Deed of Trust, appointed by the beneficiary of record. As set forth more fully below, the UCC does not apply in foreclosure

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 12 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406    Doc# 7    Filed: 02/01/11    Entered: 02/01/11 10:00:35    Page 17 of 20

proceedings. The fraud claim fails, and the motion should be granted, and the case dismissed with prejudice.

### G. Plaintiffs cannot set aside the trustee sale, as they have not alleged a statutory defect, and they have not tendered the amount due.

Plaintiffs cannot set aside the trustee sale, the trustee's deed or the Deed of Trust. They have not alleged any statutory defect in the sale, and only restate their baseless lack of standing, lack of authority and "produce the note" theories. Furthermore, Plaintiffs have not tendered the amount due. Tender is a condition precedent to setting aside a trustee sale. (*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 290; *Williams v. Koenig* (1934) 219 Cal. 656, 660; *United States Cold Storage v. Great Western Savings & Loan Association.* (1985) 165 Cal.App.3d 1214, 1222-1223.) The Complaint's allegations do not state a cause of action absent a ***presale*** offer to pay the full amount of the debt. (*MCA, Inc. v. Universal Diversified Enterprises Corp.* (1972) 27 Cal. App.3d 170, 177.) "Some disposition on the part of [plaintiff] to do equity by tendering the amount of the debt due is a prerequisite to [a] demand for judgment cancelling the trustee's sale." (*Ibid.*) Plaintiffs cannot invoke the jurisdiction of a court of equity to set aside a trustee's sale when the pleadings show no tender of payment of the full obligation for which the property was secured or an offer in good faith to pay and that implicit in such offer must be the ability to pay. (*Karlsen v. American Savings & Loan Association.* (1971) 15 Cal.App.3d 112, 117.) The applicable law is set forth in *Mack v. Golino* (1950) 95 Cal.App.2d 731, which refers to *Holland v. Pendleton Mtg. Co.* wherein the court held that: "Even if the sale should be regarded as voidable, it appears that a tender of the amount due on the obligation was not made. Therefore, even if the sale should be regarded as voidable, it should not be set aside since the plaintiff failed to offer to do equity." (95 Cal.App.2d at 735, emphasis added.). In *Karlsen v. American Savings & Loan Association* (1971) 15 Cal.App.3d 112, plaintiff filed a Complaint to Set Aside a Trustee's Deed. The case was decided via Judgment on the pleadings, on the basis that Plaintiff had not made a valid tender. In that case, plaintiff's "tender" consisted of an offer to pay the lender rather than an actual tender of the full amount of the debt. The *Karlsen* Court held that a tender dependent upon a future refinance of the

---

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 13 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406    Doc# 7    Filed: 02/01/11    Entered: 02/01/11 10:00:35    Page 18 of 20

property was not a valid tender. The court stated that:

> The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. (citations) Simply put, if the offeror ... is without the money necessary to make the offer good and knows it ... the tender is without legal force or effect[5]. (15 Cal.App.3d at 117, emphasis added)

Accordingly, <u>the face of the Complaint</u> shows no "valid and viable tender", which, as set forth in *Karlsen* is "essential" to such an action. (<u>Ibid</u>.) Plaintiffs have not alleged facts sufficient to obtain relief in the form of cancellation of the trustee's sale of the Property *as a matter of law*. The motion should be granted, and the case dismissed with prejudice.

### H. Plaintiffs' wrongful foreclosure claims fail, as there was indeed an assignment of the Deed of Trust to U. S. Bank, and the UCC does not apply to trustee sale proceedings.

Plaintiffs allege in typically conclusory fashion that "Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and trustee's sale because an assignment was not acknowledged or recorded" [Complaint ¶47]. It is not clear how the lack of an assignment could affect the foreclosure proceedings, but an assignment to U. S. Bank was indeed recorded, as was a substitution of trustee naming First American successor trustee [See Request for Judicial Notice]. Plaintiffs also assert a defect in the proceedings based upon the Commercial Code [Complaint ¶48]. The language in Cal. Comm. Code §3301 concerning "persons entitled to enforce" the "instrument" refers to a *negotiable instrument* (promissory note), *not a security instrument* (deed of trust). Article 3 of the UCC article governs negotiable instruments [Cal. Comm. Code §3104]. UCC Article 3 does not deal with security instruments (mortgages and deeds of trust) at all, and does not govern nonjudicial foreclosure under deeds of trust. The rules that *do* govern non-judicial foreclosure of a deed of trust are

---

[5] The Court also held that negotiations concerning a possible refinance did not constitute a tender. (15 Cal.App.3d at 118.)

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 14 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406    Doc# 7    Filed: 02/01/11    Entered: 02/01/11 10:00:35    Page 19 of 20

set forth in the California Civil Code at Section 2924 and following. California's courts have repeatedly held that these Civil Code provisions establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures. Cal. Civil Code §2924(a)(1) provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. The section does not require that any of these designated entities be a "person entitled to enforce" the note under UCC Section 3301. The motion should be granted, and the case dismissed with prejudice.

## V. CONCLUSION

Plaintiffs' claims are entirely without merit. There is no remedy under the statutes cited after a trustee sale, and Plaintiffs cannot set aside the trustee sale without first having tendered the amount due. The prior order of dismissal is entitled to *res judicata* effect. None of Plaintiffs' claims arise under bankruptcy law, and the instant adversary proceeding was filed after the underlying case was dismissed. Plaintiff's claims are frivolous and Plaintiff has no chance of proving any "set of facts in support of his claim which would entitle him to relief" [*Conley v. Gibson* 335 U.S. 41, 45-46 (1957)], and the Complaint is not "plausible on its face" [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)]. Sufficient grounds exist for the court to find that Plaintiffs cannot possibly succeed on the merits of their claims, and therefore the Complaint should be dismissed *with prejudice*.

DATED: February 1, 2011          LAW OFFICES OF GLENN H. WECHSLER

By:   */s/Lawrence D. Harris*
      LAWRENCE D. HARRIS

G:\Larry\LOANSTAR\Guerrero\Motion to Dismiss and MPA.doc

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 15 of 15
Adv. No.: 10-04406-RLE

Case: 10-04406   Doc# 7   Filed: 02/01/11   Entered: 02/01/11 10:00:35   Page 20 of 20